Filed 5/29/13  P. v. Singleton CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>HARVEY E. SINGLETON,<br><br>Defendant and Appellant. | B240115<br><br>(Los Angeles County<br> Super. Ct. No. BA390136) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura F. Priver, Judge.  Affirmed.

Lenore De Vita, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Harvey E. Singleton appeals from the judgment entered following his conviction on one count of indecent exposure in violation of Penal Code section 314, subdivision 1.[1] We affirm.

*Prosecution Evidence*

On September 28, 2011, around 7:00 a.m., Nelda Lopez boarded a train at Western and Wilshire in the County of Los Angeles. Appellant boarded the train at the same time as Lopez, smiled at her, and sat down near her. Appellant removed his jacket, placed it on his lap, and exposed himself in a manner that indicated he wanted Lopez to see him. Each time the train stopped, he would cover himself, and when the train started again, he would remove his jacket and expose himself again. When he removed his jacket, Lopez could see that his penis was erect, and he was holding it with his left hand.

When Lopez exited the train, she told Los Angeles County Sheriff's Department Deputy Larry Ware someone was masturbating on the train. Lopez testified that she only saw the man's penis out of the corner of her eye because she was afraid to look directly at him.

Detective Kevin Acebedo interviewed Lopez. Lopez identified appellant in a photographic lineup and identified him in court. Detective Acebedo also interviewed appellant. The interview was recorded and played for the jury. Detective Acebedo testified that appellant repeatedly told him that "there was no exposure."

The prosecution introduced evidence of three prior incidents involving appellant. The first incident was on February 9, 2011. Adriana Luna testified that she was on a train going to work when she saw appellant move from a different

---

[1]     All further statutory references are to the Penal Code.

train into her train. Appellant was staring at her, which made her uncomfortable, so she looked away. Appellant took off his jacket, put it in his lap, and began masturbating while staring at her.

The second incident was on October 12, 2009. While Deputy Melvin Young was on duty at Harbor College, he received a call about an indecent exposure incident. Robyn Lamoreux testified that she was working at the Harbor College library when Melissa May told her that a man sat next to her in the library and was masturbating. Appellant was detained, and May and Lamoreux both identified him as the perpetrator. Lamoreux and May identified appellant in court.

The third incident occurred on June 29, 2007. Dina Villegas testified that she was alone on a bus in Culver City when appellant boarded the bus and sat in the seat next to her. Appellant smiled at her several times, and she smiled back until she noticed he was masturbating. She told the bus driver, and the police came and arrested appellant.

*Defense Evidence*

Deputy Ware testified that Lopez told him she did not see appellant's penis, but she knew he was masturbating by the motion of his hand. Deputy Ware was aware that exposure of the genitals was an element of indecent exposure, so he was careful to note this in his report. (§ 314, subd. (1).)

Appellant was charged by information with one count of indecent exposure. (§ 314, subd. (1).) It was further alleged that appellant had suffered two prior convictions under section 314, subdivision (1) for purposes of the mandatory state prison clause in section 1170, subdivision (h)(3). Appellant entered a not guilty plea, and a jury trial was held. He waived his right to a jury trial on the issue of his prior convictions and admitted them.

The court denied appellant's motion to dismiss for insufficient evidence pursuant to section 1118.1. The jury found appellant guilty. The court sentenced appellant to the midterm of two years. Appellant filed a timely notice of appeal. The court subsequently granted appellant's ex parte motion to correct his presentence credits and prepared an amended abstract of judgment.

After review of the record, appellant's court-appointed counsel filed an opening brief asking this court to review the record independently pursuant to the holding of *People v. Wende* (1979) 25 Cal.3d 436, 441.

On November 28, 2012, we advised appellant that he had 30 days within which to submit any contentions or issues that he wished us to consider. That letter was returned. On January 2, 2013, we sent appellant another notice that he had 30 days within which to submit any contentions or issues. This letter was also returned as unable to forward because appellant was paroled, and counsel indicated she has no address for appellant.

We have examined the entire record and are satisfied that no arguable issues exist, and that appellant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113.)

4

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.


We concur:


EPSTEIN, P. J.


MANELLA, J.